1  CALDWELL LESLIE & PROCTOR, PC
   ROBYN C. CROWTHER, State Bar No. 193840
2    crowther@caldwell-leslie.com
   CRAIG H. BESSENGER, State Bar No. 245787
3    bessenger@caldwell-leslie.com
   725 South Figueroa Street, 31st Floor
4  Los Angeles, California 90017-5524
   Telephone: (213) 629-9040
5  Facsimile: (213) 629-9022

6  Attorneys for Plaintiff
   EVOX Productions LLC

7

8

9              UNITED STATES DISTRICT COURT

10   CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12
   EVOX PRODUCTIONS LLC, a            Case No.
13 Delaware limited liability company,
                                      **COMPLAINT FOR:**
14            Plaintiff,
                                      **(1) COPYRIGHT INFRINGEMENT;**
15       v.
                                      **(2) REMOVAL OF COPYRIGHT**
16 KAYAK SOFTWARE                     **MANAGEMENT INFORMATION**
   CORPORATION, a Delaware
17 corporation; and DOES 1-10,
                                      **DEMAND FOR JURY TRIAL**
18            Defendants.

19

20

21

22

23

24

25

26

27

28

CALDWELL
LESLIE &
PROCTOR

Plaintiff EVOX Productions LLC ("EVOX"), by its attorneys, Caldwell Leslie & Proctor, PC, alleges, with personal knowledge as to its own actions, and upon information and belief as to those of others, as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over the action for the infringement of United States copyrights pursuant to 17 U.S.C. § 501 *et seq.* and 28 U.S.C. §§ 1331 and 1338(a).

2.      This Court has subject matter jurisdiction over the action for violations of the Digital Millennium Copyright Act ("DMCA") in the form of removal of copyright management information pursuant to 17 U.S.C. § 1201 *et seq.* and 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over defendant KAYAK Software Corporation ("Defendant") because, *inter alia*, (a) Defendant agreed in Section 19.4 of its License Agreement with EVOX to submit to the sole and exclusive jurisdiction of the state and federal courts located in Los Angeles County, California; (b) EVOX is informed and believes that Defendant regularly conducts and has conducted business in California and in this District by, among other things, supplying products and services in the state of California; and (c) Defendant's conduct, which constitutes copyright infringement and violations of the DMCA, has occurred in this District, and has caused and continues to cause EVOX to suffer harm in this District.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because, *inter alia*, (a) Defendant agreed in Section 19.4 of its License Agreement with EVOX to submit to the sole and exclusive jurisdiction of the state and federal courts located in Los Angeles County, California; (b) Defendant is doing business within this District; and (c) Defendant's acts or omissions giving rise to this lawsuit, as well as substantial injury to EVOX, have occurred and will continue to occur in interstate commerce, in the State of California, and in this District.

CALDWELL
LESLIE &
PROCTOR

## NATURE OF THE ACTION

5.     EVOX is an 18-year-old company specializing in photo, video, and interactive vehicle imagery.  EVOX has created and maintains a comprehensive automotive image library of over 6,000 different car makes and models which it licenses to a wide variety of companies, websites, and mobile application developers.  EVOX is an industry leader and is widely recognized for both the quality of its automotive images and the breadth of its image library.

6.     EVOX is informed and believes that Defendant is an online "meta-search" price comparison service that allows consumers to research and compare airline ticket, hotel reservation, and rental car reservation information from other travel websites.  In addition to Defendant's website, it offers applications for various mobile electronic devices, commonly referred to as "mobile applications" or "mobile apps."  Defendant's website boasts that its mobile applications have been downloaded over 35 million times.  According to the Annual Report on Form 10-K filed by Defendant's parent company, The Priceline Group Inc., on February 19, 2015, Defendant derives revenues from advertising placements on its website and mobile applications.

7.     EVOX licensed certain products to Defendant in a License Agreement dated March 18, 2014.  EVOX authorized Defendant to use EVOX's products in a research application on a single website and as "Accent Graphics" on a single website.  The License Agreement expressly provides that "No license is granted to use the Licensed Materials in any manner in any present or future format except for uses and formats expressly permitted by the definition of the Scope of Use" in the License Agreement.  Despite the clear terms of the License Agreement, Defendant's mobile applications display EVOX's images – all of which have had EVOX's copyright management information removed – in clear violation of the terms of the License Agreement and EVOX's rights under copyright law.

CALDWELL
LESLIE &
PROCTOR

-2-

**PARTIES**

8.    EVOX is a Delaware limited liability company with its principal place of business at 2363 E. Pacifica Place, Building 305, Rancho Dominguez, California 90220.

9.    EVOX is informed and believes that Defendant is a Delaware corporation with its principal place of business at 7 Market Street, Stamford, Connecticut 06902.  Defendant appears to conduct business through, among other things, a website located at www.kayak.com.

10.    EVOX is informed and believes that Defendant engaged in business in this District by, among other things, supplying products and services throughout the state of California.  Defendant's mobile app is distributed throughout the United States in the stream of interstate commerce, and is available for use within California and this District.  Defendant also maintains the www.kayak.com website that is available for use within California and this District.

11.    EVOX is unaware of the true names and capacities of Does 1 through 10, and therefore sues these defendants by these fictitious names. EVOX will amend this complaint to allege the Doe defendants' true names and capacities when they become known to EVOX.

12.    EVOX is informed and believes that, in performing the acts or omissions described in this Complaint, Defendant and Does 1 through 10 were acting as the principal, representative, agent, employee, or alter ego of each other and were acting within the scope of such agency or employment to commit the acts alleged herein.  Each defendant sued herein aided and abetted the other with the intent that each would be successful in their mutual endeavors.  Each defendant contributed to EVOX's damages and the statutory violations alleged herein.

CALDWELL
LESLIE &
PROCTOR

### ALLEGATIONS COMMON TO ALL CLAIMS

**EVOX's Creation and Distribution of the Copyrighted Photographs**

13.    EVOX creates and licenses high-quality, digital images and photographs of substantially all automotive makes and models in the United States since model year 2000.  EVOX is the leading creator of automotive image libraries in the United States, and its images are widely recognized as the best in its field.

14.    EVOX owns the copyrights in more than one million digital images and photographs under the United States Copyright laws, and has obtained Certificates of Copyright Registration from the Register of Copyrights for these works.  Each copyright registration includes multiple still images for the title automobile, including "Exterior Spins," interior panoramas and videos viewable through commonly available third party software.  The automobiles and the federally registered copyrights which Defendant have infringed by the acts complained of herein include, without limitation, those listed on Exhibit A, which is incorporated by reference (the "Copyrighted Photographs").  Exhibit A identifies by number the Certificates of Copyright Registration issued to EVOX.

15.    True and correct copies of the Certificates of Copyright Registration at issue in this case are attached as Exhibit B, which is incorporated by reference.

16.    EVOX has spent substantial time, money, and talent in connection with the production, development and marketing of the Copyrighted Photographs.

17.    EVOX also owns trademark registrations, including the following United States Patent and Trademark Office ("PTO") trademark registration (the "EVOX Trademarks").

| Trademark | Registration | Goods/services |
|-----------|--------------|----------------|
| EVOX | 3,765,883 | Photography, audio and video recording services in the field of automotive imaging in international |

| EVOX IMAGES | 3,649,661 | Stock photography services, namely, leasing reproduction rights of photographs and transparencies to others in international class 45 |
|---|---|---|

18.     The EVOX Trademarks are registered on the Principal Register of the PTO pursuant to 15 U.S.C. § 1051, and these registrations are valid, subsisting, and enforceable. True and correct copies of the Certificates of Trademark Registration for the EVOX Trademarks from the Trademark Electronic Search System of the PTO are attached as Exhibit C, which is incorporated by reference.

19.     EVOX has developed a very successful business licensing its library of copyrighted automotive photographs.  EVOX has used the EVOX Trademarks in connection with its advertising, promotion, sale, and offering for sale of its products and services nationwide.  EVOX's products and services are known and recognized by the EVOX Trademarks.

20.     EVOX has used the EVOX mark and trade name continuously since 1995 nationwide, in interstate commerce, either alone or in conjunction with other words and marks, to identify EVOX as the source of high quality goods and services in its field.

21.     EVOX has used the EVOX IMAGES mark continuously since 2006 nationwide, in interstate commerce, either alone or in conjunction with other words and marks, to identify EVOX as the source of high quality goods and services in its field.

**Defendant's Unauthorized Use of the Copyrighted Photographs and Violations of the DMCA Through Its Removal of Copyright Management Information**

22.     On March 18, 2014, EVOX and Defendant signed a License Agreement pursuant to which EVOX granted Defendant the right to use certain of the Copyrighted Photographs within the "EVOX Automotive Image Library, U.S.

CALDWELL
LESLIE &
PROCTOR

Edition" (the "AIL") for certain purposes.  Specifically, EVOX agreed that Defendant could use EVOX's AIL 2A – Front ¾ Colorized images for all model years from 2006 forward, which images were defined in the License Agreement as the "Licensed Materials."  Defendant's "Scope of Use" for these materials was limited by the terms of the License Agreement to "Portal Website Use: (a) Use in a research application on a single Portal Website; (b) Use as Accent Graphics on a single Portal Website."

23.  In exchange for the defined use of these Copyrighted Photographs, Defendant agreed to pay EVOX monthly license fees comprising the greater of $950 or a calculated fee based on the number of unique visitors to Defendant's website. Defendant also agreed to provide monthly usage reports and to track all pages displaying the Copyrighted Photographs.

24.  The License Agreement expressly states that "No license is granted to use the Licensed Materials in any manner in any present or future format except for uses and formats expressly permitted by the definition of the Scope of Use" in the License Agreement.

25.  Despite these clear terms, EVOX discovered after entering into the License Agreement that Defendant was using the Copyrighted Photographs in its mobile applications.  At no time, however, has Defendant sought or purchased a license from EVOX to use the Copyrighted Photographs on mobile applications.

26.  According to Defendant's website, its mobile applications – which it bills as "The #1 Mobile Travel App" – are available for the iPhone via the Apple App Store; for Android Devices via Google's Play service; for mobile devices running Windows Phone 7 via the Windows Store; and for Amazon Kindle devices from Amazon.com.

27.  EVOX is informed and believes that these mobile applications have distributed at least 952 of EVOX's Copyrighted Photographs to the public without EVOX's consent.

CALDWELL
LESLIE &
PROCTOR

28.     EVOX is informed and believes that Defendant intentionally removed copyright management information, including in the form of EVOX's Trademarks and logos, from each of the Copyrighted Photographs.  The License Agreement provides that Defendant may remove EVOX's Trademarks and logos from the Copyrighted Photographs only if it provides specific copyright attribution information on each screen displaying the Copyrighted Photographs.  Defendant failed to display any such copyright attribution information.

29.     EVOX never consented to or authorized Defendant's use of EVOX's Copyrighted Photographs in Defendant's mobile applications and never consented to Defendant's removal of the copyright management information.

30.     Defendant's unlawful and unauthorized distribution, transmission, copying, public display and use of the Copyrighted Photographs and its removal of EVOX copyright management information has irreparably harmed EVOX's copyrights and exclusive rights in the Copyrighted Photographs.

## COUNT ONE

### (Copyright Infringement, 17 U.S.C. § 501 *et seq.*)

31.     Paragraphs 1 through 30 are incorporated by reference in support of this claim for relief.

32.     Each of the Copyrighted Photographs is an original pictorial work and constitutes copyrightable subject matter under 17 U.S.C. §§ 101 and 102.

33.     Defendant was not, and is not, licensed or otherwise authorized to distribute, transmit, copy, or display the Copyrighted Photographs via mobile applications.

34.     Defendant has infringed EVOX's copyrights in at least 952 images through the distribution, transmission, copying, or public display of the Copyrighted Photographs on mobile applications.

35.     On information and belief, the infringement of EVOX's copyrights by Defendant was willful.  Defendant was aware that its license to use the Copyrighted

Photographs did not include use in mobile applications.  Defendant's distribution, transmission, copying, public display, and use of the Copyrighted Photographs in its mobile applications following Defendant's execution of the License Agreement evidences Defendant's willful infringement.  At a minimum, Defendant's actions were reckless.

36.    EVOX has been damaged by the willful infringement of Defendant in a sum to be determined.

37.    On information and belief, Defendant can and will continue its infringing activities unless restrained and enjoined. EVOX's remedy at law is not by itself adequate to compensate it for the harm inflicted and threatened by Defendant.

## COUNT TWO

### (Removal of Copyright Management Information, 17 U.S.C. § 1201 *et seq.*)

38.    Paragraphs 1 through 37 are incorporated by reference in support of this claim for relief.

39.    Each of the Copyrighted Photographs is an original pictorial work, each with independent economic value, and constitutes copyrightable subject matter under 17 U.S.C. §§ 101 and 102.

40.    EVOX identified each of the Copyrighted Photographs with copyright management information, including in the form of EVOX Trademarks and logos.

41.    On information and belief, Defendant intentionally removed all such copyright management information prior to using the Copyrighted Photographs in its mobile applications, distributed the Copyrighted Photographs through its mobile applications knowing that the copyright management information had been removed without EVOX's permission or authority, and did not provide any other copyright attribution information on the screens displaying the Copyrighted Photographs.

42.    On information and belief, Defendant performed these acts knowing, or having reasonable grounds to know, that these acts would induce, enable, facilitate, or conceal its infringement of the Copyrighted Photographs.

CALDWELL
LESLIE &
PROCTOR

43.     EVOX has been damaged by Defendant's removal of copyright management information in a sum to be determined.

## PRAYER FOR RELIEF

WHEREAS, EVOX prays for relief as follows:

A.     For an award at EVOX's election, pursuant to 17 U.S.C. § 504, of either (1) the actual damages suffered by EVOX with respect to past infringement, plus any additional profits of Defendant that are attributable to the infringement that are not taken into account in computing the actual damages; or (2) statutory damages as provided by Section 504(c) in an amount to be proven at trial but in excess of $100,000,000.00;

B.     For a finding that the infringement by Defendant was willful, and for an award to EVOX, at its election, of statutory damages against Defendant for willfully committing infringement as provided by 17 U.S.C. § 504 in an amount to be proven at trial but in excess of $100,000,000.00;

C.     For an award at EVOX's election, pursuant to 17 U.S.C. § 1203, of either (1) the actual damages suffered by EVOX as a result of Defendant's violation, plus any additional profits of Defendant that are attributable to the violation that are not taken into account in computing the actual damages; or (2) statutory damages as provided by Section 1203(c) in an amount to be proven at trial but in excess of $100,000,000.00;

D.     For an order that Defendant account for all sales, revenues, costs and profits from their wrongful conduct and unauthorized use of EVOX's Copyrights, and that Defendant pay EVOX damages in an amount to be proven at trial, but including Defendant's profits and actual damages suffered by EVOX as a result of Defendant's wrongful acts;

E.     For an award of EVOX's attorneys' fees, expenses and costs, pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1203;

F.     For an award to EVOX of pre- and post-judgment interest; and

CALDWELL
LESLIE &
PROCTOR

-9-

1       G.     For an award to EVOX of such other and further relief as the Court

2  deems just and proper.

3

4  DATED:  July 2, 2015          CALDWELL LESLIE & PROCTOR, PC

5                         ROBYN C. CROWTHER
                          CRAIG H. BESSENGER

6

7

8                       By      /s/ Robyn C. Crowther

9                         ROBYN C. CROWTHER

10                Attorneys for Plaintiff EVOX Productions LLC

11

12                   **DEMAND FOR JURY TRIAL**

13      Pursuant to Federal Rule of Civil Procedure Rule 38, Plaintiff hereby

14 demands a trial by jury on all issues so triable.

15

16 DATED:  July 2, 2015          CALDWELL LESLIE & PROCTOR, PC

17                        ROBYN C. CROWTHER
                          CRAIG H. BESSENGER

18

19

20                      By      /s/ Robyn C. Crowther

21                        ROBYN C. CROWTHER

22                Attorneys for Plaintiff EVOX Productions LLC

23

24

25

26

27

28

CALDWELL
LESLIE &
PROCTOR