CALDWELL LESLIE & PROCTOR, PC
ROBYN C. CROWTHER, State Bar No. 193840
  *crowther@caldwell-leslie.com*
CRAIG H. BESSENGER, State Bar No. 245787
  *bessenger@caldwell-leslie.com*
725 South Figueroa Street, 31st Floor
Los Angeles, California 90017-5524
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for EVOX Productions LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| EVOX PRODUCTIONS LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> KAYAK SOFTWARE CORPORATION, a Delaware corporation; and DOES 1-10, <br><br> Defendants. | Case No. CV15-05053-PSG (AGRx) <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> Discovery Matter for Referral to: The Honorable Alicia G. Rosenberg <br><br> Trial Date: None Set |
| KAYAK SOFTWARE CORPORATION, a Delaware corporation, <br><br> Counterclaimant, <br><br> v. <br><br> EVOX PRODUCTIONS LLC., a Delaware limited liability company, <br><br> Counterdefendant. | |

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff and Counterdefendant EVOX Productions LLC ("EVOX") and Defendant and Counterclaimant KAYAK Software Corporation ("KAYAK") (the parties shall be referred to collectively as the "Parties"), by and through their undersigned counsel of record, hereby stipulate and agree to the request for, and entry of, the following Stipulated Protective Order governing the production, use, and disclosure of confidential information in this action:

## 1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2.    GOOD CAUSE STATEMENT

EVOX has brought an action claiming that KAYAK infringed EVOX's copyrighted works and removed copyright protection information from those works. KAYAK has brought counterclaims alleging that the Parties' contract should be rescinded or reformed, seeking an implied license, and alleging that EVOX's works are not properly copyrightable.  This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial,

CALDWELL
LESLIE &
PROCTOR

-1-

financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.

Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  The Parties consider the aforementioned information to be proprietary, commercially sensitive and/or private.  To address these concerns and avoid lengthy and expensive litigation over the issue, the Parties agree that a mutually appropriate protective order will speed the discovery and litigation processes.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

The designation "CONFIDENTIAL" can be applied by a party or third party to any type of information which that party or third party believes in good faith to constitute, contain, reveal or reflect proprietary or confidential financial, business, personnel or related information.  The designation made by a party or non-party shall be a certification to the Court and to the other parties that such information is earnestly believed to be Confidential within the meaning of this Stipulated Protective Order.  All involved in making such designation shall act in good faith, and such designation shall not be made to impose burden or delay on an opposing party, for tactical or other advantage in litigation, or in order to avoid

embarrassment.  Information designated as "Confidential" in accordance with this provision shall be treated as Confidential Information until it ceases to be covered by this Stipulated Protective Order.

The designation "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" can be applied by a party or third party to any type of information which it believes in good faith to constitute, contain, reveal or reflect proprietary or confidential, financial, business, personnel or related information which is so highly sensitive and confidential as to require the possession of such information to be limited to the counsel of record and their agents only.  Trade secret information qualifies as Highly Confidential – Attorneys Eyes Only information.  This designation shall be made as sparingly as possible and shall be a certification to the Court and the other parties that such information is believed subject to this more restrictive classification within the meaning of this Stipulated Protective Order.

**3.     DEFINITIONS**

3.1 Action: *EVOX Productions LLC v. KAYAK Software Corporation*, Central District of California, Case No. CV15-05053-PSG-AGR.

3.2 Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

3.4 Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

3.5 Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.6 Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery requests in this matter.

3.7 Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.9 House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.10 Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.11 Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

1    3.12 Party:  any party to this Action, including all of its officers, directors,

2  employees, consultants, retained experts, and Outside Counsel of Record (and their

3  support staffs).

4    3.13 Producing Party:  a Party or Non-Party that produces Disclosure or

5  Discovery Material in this Action.

6    3.14 Professional Vendors:  persons or entities that provide litigation support

7  services (e.g., photocopying, videotaping, translating, preparing exhibits or

8  demonstrations, and organizing, storing, or retrieving data in any form or medium)

9  and their employees and subcontractors.

10    3.15 Protected Material:  any Disclosure or Discovery Material that is

11  designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

12  ATTORNEYS' EYES ONLY."

13    3.16 Receiving Party:  a Party that receives Disclosure or Discovery Material

14  from a Producing Party.

15    **4.    SCOPE**

16    The protections conferred by this Stipulation and Order cover not only

17  Protected Material (as defined above), but also (1) any information copied or

18  extracted from Protected Material; (2) all copies, excerpts, summaries, or

19  compilations of Protected Material; and (3) any testimony, conversations, or

20  presentations by Parties or their Counsel that might reveal Protected Material.  Any

21  use of Protected Material at trial shall be governed by the orders of the trial judge.

22  This Order does not govern the use of Protected Material at trial.

23    **5.    DURATION**

24    Even after final disposition of this litigation, the confidentiality obligations

25  imposed by this Order shall remain in effect until a Designating Party agrees

26  otherwise in writing or a court order otherwise directs.  Final disposition shall be

27  deemed to be the later of (1) dismissal of all claims and defenses in this Action, with

28  or without prejudice; and (2) final judgment herein after the completion and

1  exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

2  including the time limits for filing any motions or applications for extension of time

3  pursuant to applicable law.

4        In the event any person in receipt of Protected Material receives a written

5  request, subpoena, or Court Order seeking disclosure of another party's Protected

6  Material, such person shall promptly upon receipt of such request, subpoena, or

7  Court Order, notify counsel for the designating party of the request, subpoena, or

8  Court Order, and shall provide counsel for the designating party with a copy of the

9  same, unless prohibited by law.

10        Following final disposition, counsel of record for each party receiving

11  Protected Material shall, upon written request by the party that produced the

12  Protected Material, and except as provided herein, either assemble and return to the

13  disclosing party all Documents designated as "Confidential" or "Highly

14  Confidential – Attorneys' Eyes Only" or shall assemble and destroy all Documents

15  so designated, including all summaries or other material containing or disclosing

16  Protected Material, the destruction of which shall be confirmed in writing to the

17  party that produced the Protected Information within thirty (30) days of a request for

18  such return or destruction made by that party.  All materials returned to the Parties

19  or their counsel by the Court likewise shall be disposed of in accordance with this

20  paragraph.  However, nothing herein shall require any party or counsel to disclose to

21  any other Party or counsel any materials protected by the attorney-client privilege or

22  attorney-work product doctrine even if they contain another party's Protected

23  Material.  Such materials shall be destroyed, not returned, in response to a request

24  made pursuant to this Paragraph.  Also, nothing herein shall preclude counsel of

25  record from maintaining one copy of all case files in connection with the action even

26  if they contain Protected Material, but such counsel of record shall continue to treat

27  such filings containing Protected Material according to the protections afforded by

28  this Protective Order.

CALDWELL
LESLIE &
PROCTOR

Stipulated Protective Order

## 6.    DESIGNATING PROTECTED MATERIAL

6.1 Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.2 Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL"(hereinafter "CONFIDENTIAL legend") or the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "HIGHLY CONFIDENTIAL legend") to each page that contains protected material.

If only a portion or portions of the material on a page qualifies for protection, the Producing Party shall, to the extent reasonably possible, clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party shall, to the extent reasonably possible, clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in depositions, within 30 days of receipt of a transcript, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information  is stored the legend "CONFIDENTIAL" or the legend "HIGHLY CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3 Inadvertent Failures to Designate.  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.

If the Producing Party promptly and in good faith takes steps to designate the material after the Producing Party learns that it should have been designated, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 7.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1 Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2 Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

7.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 8.   ACCESS TO AND USE OF PROTECTED MATERIAL

8.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of sections 5 and 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     Counsel for any party hereto, including House Counsel, and all partners, associates or of-counsel attorneys of Counsel's law firm and all paralegal assistants, stenographic and clerical employees thereof when operating under the direct supervision of such partners, associates or of-counsel attorneys.

(b)     Court and Mediator personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to the preparation for trial and/or trial of this action.

(c)     The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;.

(d)     Persons whose depositions are being taken in this action, who have, prior to the commencement of their deposition, signed the statement attached hereto as Exhibit "A" (which is to be made part of the official transcript of that deposition) attesting to the fact that they have reviewed and agreed to be bound by the provisions of this Stipulated Protective Order.  In the event a deponent does not sign Exhibit "A" prior to the commencement of his or her deposition, no information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be shown to the deponent and his or her deposition shall not be considered complete until the deposing party has an opportunity to raise the issue with the Court.

(e)     Experts or consultants (not regularly employed by or otherwise associated with a party) who are retained to assist in the handling of this action to furnish technical or expert advice or to give expert testimony at trial, only to the extent that the information is pertinent to the Expert's or consultant's opinions,

provided that disclosure of Confidential Information to such Experts or consultants shall be made only on the following conditions:

        i.     Prior to any Confidential Information being disclosed to any Expert or consultant, Counsel shall be required to obtain from said expert or consultant a signed statement, in the form of Exhibit "A" attached hereto (which shall be maintained by counsel of record for that party), attesting to the fact that the expert or consultant has reviewed and agreed to be bound by the provisions of this Stipulated Protective Order.

        ii.     In the event a consulting Expert becomes a testifying Expert, a copy of the Expert's executed statement in the form of Exhibit "A" must be provided to opposing counsel in advance of the expert testifying at deposition or trial.

     (f)     Outside copy and litigation support vendors who have, prior to the disclosure of such information, signed the statement attached hereto as Exhibit "A."

    8.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

     (a)     Outside Counsel for any party hereto, and all partners, associates or of-counsel attorneys of Outside Counsel's law firm and all paralegal assistants, stenographic and clerical employees thereof when operating under the direct supervision of such partners, associates or of-counsel attorneys.

     (b)     Court and Mediator personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to the preparation for trial and/or trial of this action.

(c)     Experts or consultants (not regularly employed by or otherwise associated with a party) who are retained to assist in the handling of this action to furnish technical or expert advice or to give expert testimony at trial, only to the extent that the information is pertinent to the Expert's or consultant's opinions, provided that disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information to such Experts or consultants shall be made only on the following conditions:

i.     Prior to any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information being disclosed to any Expert or consultant, Counsel shall be required to obtain from said expert or consultant a signed statement, in the form of Exhibit "A" attached hereto (which shall be maintained by counsel of record for that party), attesting to the fact that the expert or consultant has reviewed and agreed to be bound by the provisions of this Stipulated Protective Order.

In the event a consulting Expert becomes a testifying Expert, a copy of the Expert's executed statement in the form of Exhibit "A" must be provided to opposing counsel in advance of the expert testifying at deposition or trial.

ii.     In the event a consulting expert becomes a testifying expert, a copy of the expert's executed statement in the form of Exhibit "A" must be provided to opposing counsel in advance of the expert testifying at deposition or trial.

(d)     Any other person agreed to in writing by the designating Party or allowed through Court Order, who has, prior to the disclosure of such information, signed the statement attached hereto as Exhibit "A."

8.4     A copy of any signed Exhibit "A" shall be provided by the receiving party's counsel to the designating party's counsel.

CALDWELL
LESLIE &
PROCTOR

-12-

## 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of Protected Material from this Action, that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(i)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(ii)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii)  make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to  seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 12.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d):

(a)    No Waiver by Disclosure.  Information disclosed by the Disclosing Party to the Receiving Party that contains privileged matter or attorney work-product (the "Protected Information") shall be immediately returned by the Receiving Party to the Disclosing Party.  The disclosure of Protected Information shall not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection pursuant to Federal Rule of Evidence 502(d);

(b)    The Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph (c)— promptly (i) notify the Disclosing Party that it will make best efforts to identify and

return, sequester or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information;

(c)     Contesting Claim of Privilege or Work Product Protection.  If the Receiving Party contests the claim of privilege or work product protection, the Receiving Party must—within fifteen (15) business days of the Disclosing Party asserting privilege or work product protection—move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). The Disclosure Motion must be filed under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. Pending resolution of the Disclosure Motion, the receiving party must not use the challenged Protected Information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion;

(d) Stipulated Time Periods. The parties may stipulate to extend the time periods set forth in paragraphs (b) and (c);

(e) Attorney's Ethical Responsibilities. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the disclosing party that such materials have been produced;

(f) Burden of Proving Privilege or Work-Product Protection. The Disclosing Party retains the burden—upon challenge pursuant to paragraph (c)—of establishing the privileged or protected nature of the Protected Information;

(g) *In camera* Review. Nothing in this Order limits the right of any party to petition the Court for an *in camera* review of the Protected Information; and

(h) Voluntary and Subject Matter Waiver. This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection.

**13.   MISCELLANEOUS**

13.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**14.   FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, and except as provided herein and in Section 5, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2)affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival

copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 (DURATION).

/ / /

/ / /

/ / /

**15.    VIOLATION OF THIS ORDER**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED:  March 30, 2016              Respectfully submitted,

CALDWELL LESLIE & PROCTOR, PC
ROBYN C. CROWTHER
CRAIG H. BESSENGER


By _____/S/ Robyn C. Crowther_____
        ROBYN C. CROWTHER
Attorneys for EVOX Productions LLC


FOLEY & LARDNER LLP
JONATHAN E. MOSKIN (*Pro Hac Vice*)
JEAN-PAUL CIARDULLO


                /S/ Jean-Paul Ciardullo
By _____by email authorization_____
        JEAN-PAUL CIARDULLO
Attorneys for KAYAK Software Corporation


**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: April 1, 2016          _____*Alicia G. Rosenberg*_____
                              HON. ALICIA G. ROSENBERG
                              United States Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for

the Central District of California on _____ in the case of *EVOX Productions

LLC v. KAYAK Software Corporation*, Case No. CV15-05052-PSG (AGR) (C.D.

Cal.). I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is subject

to this Stipulated Protective Order to any person or entity except in strict compliance

with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____

[print or type full name] of _____

[print or type full address and telephone number] as my California agent for service

of process in connection with this action or any proceedings related to enforcement

of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

CALDWELL
LESLIE &
PROCTOR

-20-

Stipulated Protective Order