CALDWELL LESLIE & PROCTOR, PC
ROBYN C. CROWTHER, State Bar No. 193840
 crowther@caldwell-leslie.com
CRAIG H. BESSENGER, State Bar No. 245787
 bessenger@caldwell-leslie.com
CAMERON J. JOHNSON, State Bar No. 266729
 johnson@caldwell-leslie.com
725 South Figueroa Street, 31st Floor
Los Angeles, California 90017-5524
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for EVOX Productions, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| EVOX PRODUCTIONS LLC, a Delaware limited liability company,<br><br>  Plaintiff,<br><br>  v.<br><br>KAYAK SOFTWARE CORPORATION, a Delaware corporation; and DOES 1-10,<br><br>  Defendants.<br><br>KAYAK SOFTWARE CORPORATION, a Delaware corporation,<br><br>  Counterclaimant,<br><br>  v.<br><br>EVOX PRODUCTIONS LLC, a Delaware limited liability company,<br><br>  Counterdefendant. | Case No. CV15-05053-PSG (AGR)<br><br>**DECLARATION OF CRAIG H. BESSENGER IN SUPPORT OF PLAINTIFF AND COUNTER-DEFENDANT EVOX PRODUCTIONS, LLC'S OPPOSITION TO DEFENDANT AND COUNTERCLAIMANT KAYAK SOFTWARE CORPORATION'S MOTION FOR SUMMARY JUDGMENT**<br><br>The Honorable Philip S. Gutierrez<br><br>Date: January 9, 2017<br>Time: 1:30 p.m.<br>Crtrm.: 6A<br><br>Trial Date: January 31, 2017 |

CALDWELL
LESLIE &
PROCTOR

4829-9690-7581

I, CRAIG H. BESSENGER, declare and state as follows:

1. I am an attorney admitted to practice in the State of California and a member of the bar of this Court. I am an attorney at Caldwell Leslie & Proctor, PC, counsel for EVOX Productions, LLC ("EVOX"). I submit this declaration in support of EVOX's Opposition to Kayak Software Corporation's ("Kayak") Motion For Summary Judgment. I have personal knowledge of the facts stated herein, and could and would testify competently thereto if called as a witness in this matter.

2. Attached hereto as Exhibit "C" is a true and correct copy of EVOX's Response to Defendant and Counterclaimant Kayak Software Corporation's First Set of Interrogatories.

3. Attached hereto as Exhibit "D" is a true and correct copy of EVOX's Fourth Amended Response to Defendant and Counterclaimant Kayak Software Corporation's First Set of Interrogatories.

4. Attached hereto as Exhibit "E" is a true and correct copy of excerpts of the transcript of the August 9, 2016 deposition of Michael Magat.

5. Attached hereto as Exhibit "F" is a true and correct copy of excerpts of the transcript of the August 8, 2016 deposition of Brad Schultz.

6. Attached hereto as Exhibit "G" is a true and correct copy of the EVOX Automotive Image Library Wiki, produced by EVOX in this matter and marked as Exhibit 10 during the August 8, 2016 deposition of Brad Schultz.

7. Attached hereto as Exhibit "H" is a true and correct copy of the EVOX Automotive Image Library: Spin Photography Process Wiki, produced by EVOX in this matter and marked as Exhibit 10a during the August 8, 2016 deposition of Brad Schultz.

8. Attached hereto as Exhibit "I" is a true and correct copy of the EVOX Automotive Image Library: Post Production Wiki, produced by EVOX in this matter and marked as Exhibit 11 during the August 8, 2016 deposition of Brad Schultz.

CALDWELL
LESLIE &
PROCTOR

4829-9690-7581

-1-

9. Attached hereto as Exhibit "J" is a true and correct copy of excerpts of the transcript of the August 10, 2016 deposition of Barry Thompson.

10. Attached hereto as Exhibit "K" is a true and correct copy of excerpts of the transcript of the August 17, 2016 deposition of Lincoln D. Jackson.

11. Attached hereto as Exhibit "L" is a true and correct copy of excerpts of the transcript of the June 1, 2016 deposition of Timothy Knowling.

12. Attached hereto as Exhibit "M" is a true and correct copy of excerpts of the transcript of the July 27, 2016 deposition of Travis Gebhardt.

13. Attached hereto as Exhibit "N" is a true and correct copy of excerpts of the transcript of the July 27, 2016 deposition of Lauren Fulton.

14. Attached hereto as Exhibit "O" is a true and correct copy of an email chain with the subject "Recap and Intro to Subscription Licensing," which was marked as Exhibit 3 during the July 27, 2016 Deposition of Lauren Fulton. Ms. Addison authenticated this email at 28:5-30:2.

15. Attached hereto as Exhibit "P" is a true and correct copy of an email chain with the subject "Evox NADA special through 1.31.14," which was marked as Exhibit 4 during the July 27, 2016 Deposition of Lauren Fulton. Ms. Fulton authenticated this email at 43:17-44:2.

16. Attached hereto as Exhibit "Q" is a true and correct copy of an email chain with the subject "KAYAK Monthly Page View Report," which was marked as Exhibit 14 during the July 27, 2016 Deposition of Lauren Fulton.

17. Attached hereto as Exhibit "R" is a true and correct copy of an email chain between Lauren Fulton and John Brosnan, who was formerly employed by EVOX, with the subject line "Evox," and the attachment to the final email in the chain. This email chain and the attachment was marked as Exhibit 20 during the July 27, 2016 deposition of Lauren Fulton. Ms. Fulton authenticated this email at 139:9-140:4.

18. Attached hereto as Exhibit "S" is a true and correct copy of a chart listing unique page views for KAYAK between May 8, 2014 and May 31, 2014 ("UPV Chart"), which was marked as Exhibit 24 during the July 27, 2016 Deposition of Lauren Fulton. Ms. Fulton authenticated this email at 144:10-145:21).

19. Attached hereto as Exhibit "T" is a true and correct copy of an email chain with the subject "Evox Inv# 12191," and Bates number KAYAK0001342, which was produced by KAYAK in the course of discovery.

20. Attached hereto as Exhibit "U" is a true and correct copy of an attachment to the email chain with the subject "Evox Inv# 12191" and Bates number KAYAK0001347, which was produced by KAYAK in the course of discovery.

21. On May 24, 2016, Kayak filed a Motion to Compel Discovery Responses from EVOX. In connection with this motion, Kayak filed a joint stipulation completed by Kayak and EVOX addressing the Parties' discovery disputes. In this joint stipulation, Kayak argued that EVOX should be required to supplement its response to Kayak's Interrogatory No. 2 to identify the original elements of each of the then 952 photos at issue in the case. EVOX responded that providing this information for hundreds of photos would be needlessly and unreasonably duplicative. Attached hereto as Exhibit "V" is a true and correct copy of the Local Rule 37-2 Joint Submission on Kayak Software Corporation's Motion to Compel Discovery Responses, ECF No. 29-1.

22. On June 14, 2016, the Court, Magistrate Judge Alicia G. Rosenberg presiding, granted in part and denied in part Kayak's Motion to Compel. With respect to Interrogatory No. 2, the Court agreed that identifying the original elements of each of the then 952 photos at issue would be needlessly and unreasonably duplicative, and held that EVOX could select five example images from the hundreds at issue and identify the original elements of those images. The Court instructed Kayak that it could "renew its motion as to the other photographs

upon a showing that the five photographs are insufficient." Attached hereto as Exhibit "W" is a true and correct copy of Court's Minute Order regarding Kayak's Motion to Compel, ECF No. 32.

23. Kayak never renewed its Motion to Compel as to this issue, nor has it explained why EVOX's identification of the original elements in the five example photographs was insufficient.

24. Attached hereto as Exhibit "X" is a true and correct copy of excerpts of the transcript of the November 29, 2016 deposition of Gary Elsner.

25. Attached hereto as Exhibit "Y" is a true and correct copy of KAYAK's Notice of Deposition of EVOX Productions LLC.

26. Attached hereto as Exhibit "Z" is a true and correct copy of a spreadsheet produced by KAYAK in the course of discovery and marked as Exhibit 3 from Mr. Gebhardt's deposition. Mr. Gebhardt authenticates the spreadsheet produced by KAYAK, excerpts of which were introduced as Exhibit 3 at 30:11-31:23, 33:14-25. EVOX attaches only the excerpts here, in an effort to avoid further burdening the Court with an additional voluminous exhibit. EVOX will lodge the complete document at the Court's request.

27. Attached hereto as Exhibit "CC" is a true and correct copy of the District Court's order granting summary judgment for EVOX in the matter of *EVOX Productions LLC v. California Rent-a-Car, Inc.*, CV-15-0846-MWF (RAOx) (ECF. No. 51) (C.D. Cal. July 26, 2016).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed December 16, 2016, at Los Angeles, California.

CRAIG H. BESSENGER